David, J.,
concurring in part, dissenting in part.
While I agree with the majority that Curry is not entitled to wages pursuant to the Wage Payment Statute and thus, the trial court should be affirmed on that issue, I write separately because I disagree with the majority’s analysis on the other two issues: wrongful discharge and intentional interference with a business relationship. I would reverse the trial court on both issues.
As for Curry’s wrongful discharge claim, I disagree with the majority’s interpretation of the plain language of Ind. Code § 8-1.5-3-5. While the majority observes that we may not add new words to a statute which are not the expressed intent of the legislature (supra at 585-86), it nevertheless, adds the word “only” to the statute, not once but twice. It finds that there “is no indication the legislature intended removal without cause or whether such removal would require notice and a hearing.” Supra at 587. However, I do not believe there’s any indication that the legislature intended that a utility superintendent may only be removed by the board for cause and only after notice and a hearing. This is especially true in light of the majority’s own observation that the result it reached “may well offend sound public policy.” Supra at 587.
Turning to Curry’s intentional interference with an employment relationship claim, because I believe that he was not wrongfully discharged, his intentional interference claim must also fail. That is, in *589 order to prove his intentional interference claim, Curry must show: (1) the existence of a valid relationship; (2) the defendant’s knowledge of the existence of the relationship; (3) the defendant’s intentional interference with that relationship; (4) the absence of justification; and (5) damages resulting from defendant’s wrongful interference with the relationship. Miller v. Cent. Indiana Cmty. Found., Inc., 11 N.E.3d 944, 961 (Ind. Ct. App. 2014). Lack of justification is established only if the defendant acted intentionally without a legitimate business purpose and the breach was malicious and exclusively directed to the injury and damage of another. Bilimoria Computer Systems, LLC v. America Online, Inc., 829 N.E.2d 150, 156-57 (Ind. Ct. App. 2005). Here, because I believe the mayor had the authority to terminate Curry at will, it cannot be said that he acted without a legitimate business purpose.
More than that, even assuming arguen-do, that the mayor terminated Curry without proper authority pursuant to the statute, the record reflects he had legitimate business reasons for terminating Curry. That is, the mayor “wanted a superintendent who would advocate for [his] views and objectives and give balanced advice.” Supra at 584. I believe the mayor had a justifiable reason for terminating Curry and thus, Curry’s intentional interference claim fails. I would reverse the trial court on this issue.
In sum, I do not believe the plain language of the statute limits the mayor’s ability to terminate the superintendent at will. I also do not believe that the mayor’s actions were unjustified and thus, Curry cannot prove his claim for intentional interference with an employment relationship. As such, I respectfully dissent in part. I would reverse the trial court on both issues.